IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
DAVID A. SCOTT, JR.,              )
                                  )
Plaintiff,                        )
                                  )
vs.                               )    NO. 2:05-CV-41
                                  )
COCA COLA ENTERPRISES, INC.,      )
et al.,                           )
                                  )
Defendants.                       )
```

## OPINION AND ORDER

This matter is before the Court on (1) Defendants' Motion to Dismiss the Complaint or, in the Alternative, for Summary Judgment, filed by Defendants, Coca-Cola Enterprises Inc., Aaron Pepkowski, Stephanie Jordan, Angie Heldt, Jeff Stroinksi, and Beverly Butler-Burns, on April 4, 2005; and (2) Plaintiff's Motion to Proceed With Complaint and a Request for a Jury Trial, filed by Plaintiff on April 12, 2005.  For the reasons set forth below, Defendants' Motion is **GRANTED IN PART AND DENIED IN PART**.  To the extent Defendants seek dismissal of the claims against individual Defendants Aaron Pepkowski, Stephanie Jordan, Angie Heldt, Jeff Stroinksi, and Beverly Butler-Burns under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), and the Americans With Disabilities Act, 42 U.S.C. section 12201 ("ADA"), the motion is **GRANTED**.  The Clerk is **ORDERED** to **DISMISS WITH PREJUDICE** all of

Plaintiff's claims against Aaron Pepkowski, Stephanie Jordan, Angie Heldt, Jeff Stroinksi, and Beverly Butler-Burns.  To the extent Defendants seek dismissal of the Title VII and ADA claims against Defendant, Coca-Cola Enterprises Inc., the motion is **DENIED**. Plaintiff's claims against Coca-Cola Enterprises, Inc. **REMAIN PENDING**. To the extent Defendants request summary judgment, the motion is **DENIED**.  Finally, Plaintiff's motion to proceed with the complaint is **DENIED AS MOOT**.

BACKGROUND

Plaintiff brings his claims against his former employer and individual defendants under Title VII and the ADA.  In his complaint, Plaintiff alleges that he was discriminated against due to race and disability.

The Equal Employment Opportunity Commission ("EEOC") received Plaintiff's charge of discrimination in violation of Title VII on June 22, 2004.  The EEOC received Plaintiff's charge of discrimination in violation of the ADA on October 5, 2004.  The EEOC issued a right to sue letter to Plaintiff for his Title VII claim, and the form states that it was mailed on October 28, 2004.  Plaintiff claims he received this right to sue notice on November 9, 2004.  Another right to sue letter was issued by the EEOC to Plaintiff for his ADA claim, and that form states it was mailed on November 5, 2004.  Plaintiff claims he received the right to sue notice regarding the ADA claim on November

15, 2004.  Plaintiff's pro se complaint was received by the Court on February 2, 2005.

DISCUSSION

For the purpose of analyzing Defendants' Rule 12(b)(1) claims, the following standards apply. Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction.  Jurisdiction is the "power to decide" and must be conferred upon a federal court.  *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986).  When jurisdictional allegations are questioned, the plaintiff has the burden of proving that the jurisdiction requirements have been met.  *Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).  In reviewing a Rule 12(b)(1) motion to dismiss, the Court may look beyond the complaint and review any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists.  *United Transportation Union v. Gateway Western R.R. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).

To the extent Defendants' arguments fall under Rule 12(b)(6), the Court will apply the following guidelines.  The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to decide the merits.  *Triad Assocs., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989).  In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6), the court

-3-

must accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001). A court may dismiss a complaint only if it appears beyond doubt the plaintiff can prove no set of facts that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Further, a court must "construe pleadings liberally, and mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). A complaint need not plead law or be tied to one legal theory. *LaPorte County Republican Cent. Comm. v. Board of Comm'rs of the County of LaPorte*, 43 F.3d 1126, 1129 (7th Cir. 1994) (citing *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992)). A complaint may not be dismissed just because it omits factual allegations, but it may be dismissed when the plaintiff makes clear that she does not plan to prove an essential element of her case. *Id.*

The Court acknowledges that Scott is a pro se plaintiff and recognizes that the briefs of pro se litigants need not be held to the same standard as those by counseled litigants. *See Glick v. Gutbrod*, 782 F.2d 754, 755 n. 1 (7th Cir. 1986) (stating pro se litigant's briefs may be held to a lower standard than those prepared by counsel). However, it is not this Court's obligation to do Scott's research or make arguments for him. *United States v. Smith*, 26 F.3d 739, 743 (7th Cir. 1994) (courts need not research and construct legal

arguments for parties).

Plaintiff filed a Motion to Proceed with Complaint and a Request for a Jury Trial on April 12, 2005. Having reviewed the motion, the Court has determined that it is in effect a response to Defendants' motion to dismiss, and the Court has considered the arguments therein as a response to the motion to dismiss. Plaintiff's Motion to Proceed with Complaint and Jury Trial is therefore **DENIED AS MOOT**.[1]

With these legal principles in mind, the Court turns to the instant motion.

Rule 12(b)(1)

Defendants argue this Court lacks subject matter jurisdiction because Plaintiff failed to timely file his charges with the EEOC. Additionally, Defendants contend that Plaintiff's Title VII claim is untimely because he failed to file this lawsuit within the 90-day statute of limitations. Plaintiff disagrees, asserting that his EEOC charges and complaint in the instant litigation were all timely filed.

EEOC Charges

Defendants first contend that Plaintiff's Title VII claim and his ADA claim are time-barred because Plaintiff failed to file his EEOC charges within 300 days after the allegedly unlawful employment

---

[1] The Court expresses no opinion at this time regarding Plaintiff's request for a jury trial. The request will be addressed at the appropriate time during the litigation.

practice occurred.

A prerequisite to filing suit under Title VII and the ADA is the filing of a charge with the EEOC.  *See* 42 U.S.C. § 2000e-5(e)(1) (Title VII); 42 U.S.C. § 12117(a) ("ADA").  In a "deferral state" such as Indiana, a plaintiff must file his charge within 300 days of the occurrence of the event that forms the basis of the complaint.  *See* 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a); *Doe v. R.R. Donnelley & Sons, Co.*, 42 F.3d 439, 445 (7th Cir. 1994).

Defendants argue that the last discriminatory act committed against Plaintiff occurred in March 2003.  Thus, by Defendants' calculation, Plaintiff should have filed his charges with the EEOC by January 26, 2004.  However, Plaintiff actually filed his Title VII charge with the EEOC on June 22, 2004, and his ADA charge was received by the EEOC on October 5, 2004.  Defendants' reasoning is faulty because they have failed to consider the full text of Plaintiff's charges.

Plaintiff's Title VII charge provides as follows:

> I am a black hird [sic.] by the respondent on June 16, 2002.  My position was Laborer.  In October of 2002, while at work, I was hit by a forklift driver and injured, and was off work till January of 2003.  I reported the incident to OISHA [sic.].  After returning back to work in January, my doctor found that I couldn't do my regular job, and took me off the job in March of 2003, because I was not allowed to do light duty by the company.  **On April 30, 2004 I found out I had been terminated.**

> I believe I have been retaliated against because of my race, black, which is in violation of the Civil Rights Act of 1964, as amended.

(Title VII Charge of Discrimination, attached to Pl.'s Compl.)(emphasis added). Plaintiff also indicates in the charge that the earliest date the discrimination took place was on April 30, 2004, and the latest date the discrimination took place was the same day, April 30, 2004. Plaintiff's ADA charge similarly states that "[i]n April 2004, I was advised that I was terminated," and alleges that the discrimination took place on April 30, 2004. (ADA Charge of Discrimination, attached to Pl.'s Compl.) It is clear from the face of Plaintiff's EEOC charges that he believes the alleged discriminatory action upon which his claims stem from was his termination, which he thinks occurred on April 30, 2004.

A statute of limitations begins to run on the date the cause of action accrues, and a cause of action accrues on the date when the plaintiff discovers or should have discovered that he has been injured. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990). For purposes of this statute of limitations, discrete discriminatory employment actions such as termination "are deemed to have been taken on the date they occurred, even if they form part of an ongoing practice or are connected with other acts." *Beamon v. Marshall & Ilsley Trust Co.*, No. 04-1521, 04-2263, 2005 WL 1399307, *4 (7th Cir. June 15, 2005) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109-11 (2002)). Defendants have not presented

any argument or any case law or other authority to establish that Plaintiff should have known about his injury prior to April 30, 2004. Because Plaintiff alleges in his EEOC charge that the discrimination took place on April 30, 2004, he easily satisfied the 300-day time limitation by filing his Title VII charge with the EEOC on June 22, 2004. Similarly, Plaintiff timely filed his ADA charge on October 5, 3004.

### The Right to Sue Letter for Title VII Charges

Upon receipt of a right to sue letter from the EEOC, a plaintiff has 90 days to file an action in federal court. 42 U.S.C. § 2000e-5(f)(1). Compliance with the 90-day limit is not a jurisdictional prerequisite, but it is a "condition precedent" to relief. *See Perkins v. Silverstein*, 939 F.2d 463, 470 (7th Cir. 1991). In the Seventh Circuit, the 90-day period begins to run when the potential plaintiff receives actual notice from the EEOC of the right to sue. *See Houston v. Sidley & Austin*, 185 F.3d 837, 839 (7th Cir. 1999) (stating 90-day period starts to run when the claimant receives actual notice of the right to sue); *Saxton v. American Tel. & Tel. Co.*, 10 F.3d 526, 532 n. 11 (7th Cir. 1993) (holding 90-day period does not start to run until plaintiff actually receives the right to sue letter).

Here, Defendants claim Plaintiff's claims under Title VII are untimely because he did not file his case within 90 days of receiving his Title VII right to sue letter. Defendants claim there is a 3-day

mailing rule and, alternatively, cite to *Loyd v. Sullivan*, 882 F.2d 218, 218 (7th Cir. 1989), which states that "the receipt date is presumed to be five days from the mailing date."  Plaintiff's notice to sue for his Title VII claim states that it was mailed on October 28, 2004.  Thus, Defendants contend Plaintiff should have received the notice on November 2, 2004, and his complaint was due on Monday, January 31, 2005.  Plaintiff actually submitted his pro se complaint two days later, on Wednesday, February 2, 2005.  Plaintiff argues his claim was filed within the 90-day time period.  Even though the right to sue letter was mailed on October 28, 2004, Plaintiff states he did not actually receive the letter until November 9, 2004.  (Pl.'s Compl. II.3.)

   First, Defendants claim that Federal Rule of Civil Procedure 6(e) establishes a "3-day mailing rule."  Rule 6 states that when a party is served with a notice or other paper, and that party is required to do some act or take some proceedings within a prescribed period, "3 days shall be added to the prescribed period."  Fed. R. Civ. P. 6(e).  Defendants cite to no authority whatsoever, and the Court is unaware of any, to support the proposition that a plaintiff is deemed to have actually received notice of the right to sue three days after the EEOC mails the notice.

   Although Seventh Circuit case law states there is a presumption that letters are received five days from the mailing date, Plaintiff has rebutted this presumption by alleging that he actually received

the letter on November 9, 2004.  Defendants have submitted no evidence to the contrary (for example, there is no certified mail record proving the exact date Plaintiff received the notice).  Even the Court in *Loyd* recognized that, **"unless proven otherwise**, the receipt date is presumed to be five days from the mailing date."  *Loyd*, 882 F.2d at 218 (emphasis added).  In *Saunders v. American Warehousing Servs., Inc*., a similar case analyzing the timeliness of a Title VII suit, the court declined to employ this presumption, stating that "[t]he five-day receipt presumption is a useful abstract fiction when the Court has no other facts to rely upon."  No. 02 C 7650, 2003 WL 21266652, at *2 n.1 (N.D. Ill. May 30, 2003).  Because there was other evidence of when the plaintiff received actual notice of his right to sue, the *Loyd* court used that evidence to decide when the 90-day limitation period started to run.  Similarly, here, Plaintiff has presented evidence of when he actually received notice of the right to sue by alleging in his complaint that he received the notice on November 9, 2004.  It does not seem unreasonable that a letter could take 12 days to reach Plaintiff (especially considering there were two Sundays during those days).

In *St. Louis v. Alverno College*, 744 F.2d 1314, 1316-17 (7th Cir. 1984), the Seventh Circuit held that the actual notice rule does not apply to plaintiffs who fail to receive actual notice through their own fault.  In that case, the Court held it was the plaintiff's fault that he did not receive the right to sue letter for several months

because he had failed to notify the EEOC of his new address, as required. In this case, Defendants have pointed to nothing that indicates Plaintiff was at fault for when he received the notice. Therefore, this Court finds that Plaintiff received actual notice of his right to sue on November 9, 2004, and that his Title VII claim was timely filed.

12(b)(6)

Defendants also urge that Plaintiff's Title VII claims and ADA claims should be dismissed against the individual defendants, Aaron Pepkowski, Stephanie Jordan, Angie Heldt, Jeff Stroinksi, and Beverly Butler-Burns for failure to state a claim. Specifically, Defendants stress that the statutes do not provide for individual liability. In response, Plaintiff alleges that these employees, supervisors, and managers participated in a cover up, and should be held liable.

Title VII prohibits an employer from discriminating against an individual on the basis of his or her race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). The term "employer" means a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). The ADA's definition of "employer" mirrors the definition of "employer" in Title VII. *See* 42 U.S.C. § 12111(5)(A).

-11-

In *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995), the Seventh Circuit held that the ADA's definition of "employer," which, like Title VII, includes an employer's agents, is simply a statutory expression of traditional *respondent superior* liability, and imposes no individual liability on agents. The *AIC* decision has been widely followed, and has been applied to Title VII claims as well. *See, e.g., Geier v. Medtronic, Inc.*, 99 F.3d 238, 244 (7th Cir. 1996) (holding there is no individual liability for a supervisor under Title VII); *DeVito v. Chicago Park Dist.*, 83 F.3d 878, 882 (holding that agents are liable under the ADA only if they otherwise meet the statutory definition of an "employer"); *Williams v. Banning*, 72 F.3d 552, 552 (7th Cir. 1995) (holding "[b]ecause Title VII does not impose 'employer' liability on a supervisor in his individual capacity for acts which violate the statute," dismissal was warranted.)

Plaintiff has put forth no evidence or argument that the individual Defendants named in this case are an "employer" under Title VII and the ADA, and the Court is not aware of any such evidence in the record. Rather, according to Plaintiff's complaint and his response to the motion to dismiss, the individual defendants are simply employees and supervisors of Coca-Cola Enterprises Inc. Consequently, the Court finds that individual defendants, Aaron Pepkowski, Stephanie Jordan, Angie Heldt, Jeff Stroinksi, and Beverly Butler-Burns, are not an "employer" under Title VII or the ADA, and

therefore are not subject to individual liability.

Summary Judgment

Defendants request that, in the alternative to their motion to dismiss, the Court grant summary judgment in their favor. Defendants request is not properly before the Court. Northern District of Indiana Local Rule 7.1(b) provides that any motion for summary judgment under Federal Rule of Civil Procedure 56 shall be accompanied by a separate supporting brief. Defendants have failed to comply with this rule, and their request for summary judgment is **DENIED**.

CONCLUSION

For the aforementioned reasons, Defendants' Motion to Dismiss the Complaint or, in the Alternative, for Summary Judgment is **GRANTED IN PART AND DENIED IN PART**. To the extent Defendants seek dismissal of the claims against individual defendants Aaron Pepkowski, Stephanie Jordan, Angie Heldt, Jeff Stroinksi, and Beverly Butler-Burns under Title VII and the ADA, the motion is **GRANTED**. The Clerk is **ORDERED** to **DISMISS WITH PREJUDICE** all of Plaintiff's claims against Aaron Pepkowski, Stephanie Jordan, Angie Heldt, Jeff Stroinksi, and Beverly Butler-Burns. To the extent Defendants seek dismissal of the Title VII and ADA claims against Defendant Coca-Cola Enterprises Inc., the motion is **DENIED**. Plaintiff's claims against Coca-Cola Enterprises, Inc. **REMAIN PENDING**. To the extent Defendants request summary

judgment, the motion is **DENIED**.  Finally, Plaintiff's Motion to Proceed with Complaint and a Request for a Jury Trial is **DENIED AS MOOT**.


**DATED:  July 15, 2005**          **S/RUDY LOZANO, Judge**
                                    **United States District Court**